# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELISSA DAWN WILSON, )
          Plaintiff, )
v. ) Case No. 19-04026-HLT-ADM
HOUSING AUTHORITY OF SILVER )
LAKE, KANSAS et al., )
          Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Melissa Dawn Wilson's Motion to Proceed In Forma Pauperis (ECF No. 3) and Motion to Appoint Counsel (ECF No. 4). After reviewing Ms. Wilson's motions, the court grants her leave to proceed *in forma pauperis* ("IFP") and denies her request for appointment of counsel, but without prejudice to be renewed at a later procedural juncture.

## I. BACKGROUND

Ms. Wilson, proceeding pro se, filed a complaint on April 2, 2019. In her complaint, she alleges that she was discriminated against in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*

## II. DISCUSSION

### A. Motion to Proceed IFP

Ms. Wilson asks the court to grant her IFP status. Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." Proceeding *in forma pauperis* "in a civil case is a privilege, not a right—fundamental or

otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). After carefully reviewing the information Ms. Wilson provided in her financial affidavit, the court waives the filing fee required for her to commence this civil action. Ms. Wilson is granted leave to proceed IFP.

### B. Motion to Appoint Counsel

Ms. Wilson also asks the court to appoint her counsel. "There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). The FHA also provides that a court may appoint an attorney for a person alleging a discriminatory housing practice. *See* 42 U.S.C. § 3613(b)(1). Neither § 1915(e)(1) nor the FHA confers a statutory right to counsel. *See Jackson v. Park Place Condos. Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1-*2 (D. Kan. Feb. 6, 2014). The court is also mindful that neither provides a method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

#### 1. 28 U.S.C. § 1915(e)(1)

Section 1915(e)(1) grants the court "broad discretion" to request that an attorney represent an indigent party. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In exercising this

discretion, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.* The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

### a. Merit of the Claims

The first factor—the merits of Ms. Wilson's claims—weighs against appointing counsel. Ms. Wilson makes no argument regarding the merit of her claims, so the court can look only to the complaint. Ms. Wilson's complaint alleges that she was discriminated against by her apartment's management after she brought an emotional support animal to live with her. Ms. Wilson alleges that she made a complaint to the Department of Housing and Urban Development ("HUD"), which was dismissed. Administrative findings in favor of a plaintiff are "highly probative" as to the merits of that plaintiff's claim. *See Coleman v. Gen. Motors*, No. 12-2305-CM, 2012 WL 13047580, at *2 (D. Kan. July 6, 2012). Ms. Wilson has not provided any administrative findings from HUD that were in her favor. Therefore, she has not carried her burden to affirmatively establish the merit of her claims. *See id.* (noting that "parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide 'highly probative' information for consideration").

### b. Nature and Complexity of the Factual and Legal Issues

The second factor is the nature and complexity of the factual and legal issues in the case. Ms. Wilson's claims relate to alleged housing discrimination. The factual and legal issues do not appear to be complex. This factor also weighs against appointing counsel.

### c. Ability to Investigate Facts and Present Claims

The third and final factor is Ms. Wilson's ability to investigate the facts and present her claims. Here, her complaint demonstrates that she has already conducted at least some investigation, and she has previously presented her claims to HUD. There is no indication that she could not continue her investigation and adequately present her claims to the court. Because none of the § 1915(e)(1) factors weigh in Ms. Wilson's favor, the court finds that appointing counsel to represent Ms. Wilson is not warranted at this time.

## 2. 42 U.S.C. § 3613(b)(1)

The court may also appoint an attorney pursuant to the FHA "[u]pon application by a person alleging a discriminatory housing practice." 42 U.S.C. § 3613(b)(1). To determine whether to appoint an attorney under this statute, courts in this District often look to case law interpreting 42 U.S.C. § 2000e-5, which is a similar provision that applies to plaintiffs in employment discrimination cases. *See Jackson*, 2014 WL 494789, at *1-*2. The court's discretion to appoint counsel under § 2000e-5 is "extremely broad." *Castner*, 979 F.2d at 1420. In exercising this discretion, the court considers the following factors: (1) the party's "financial inability to pay for counsel"; (2) the party's "diligence in attempting to secure counsel"; (3) the merits of the party's claims; and (4) the party's ability to present the case without counsel. *Id.* at 1421-22.

### a. Financial Ability to Secure Counsel

The first factor—whether Ms. Wilson has the financial ability to secure counsel—weighs in favor of appointment. The primary inquiry here is whether a party has the "ability to hire counsel and still meet his or her daily expenses." *Id.* at 1422. As discussed *supra*, this court granted Ms. Wilson leave to proceed IFP. The information provided in her financial affidavit, which was submitted in connection with her IFP motion, indicates she would be unable to meet her daily expenses if she were to hire an attorney.

### b. Efforts to Secure Counsel

The second factor weighs against appointing counsel. Before a court grants a request to appoint an attorney, a party must demonstrate a "reasonably diligent effort under the circumstances to obtain counsel." *Id.* Ideally, a party must typically "meet with and discuss the case with at least five attorneys." *Jackson*, 2014 WL 494789, at *2. Ms. Wilson's motion states that she conferred with only three attorneys, one of whom practices criminal law. She does not explain why she did not contact at least five attorneys or focus on attorneys who handle housing discrimination claims. Ms. Wilson has not made a reasonably diligent effort to obtain counsel, and her failure to do so is grounds enough to deny her request for appointment of counsel. *See, e.g.*, *id.* (finding that a plaintiff calling only three attorneys was "adequate grounds to deny the motion for appointment").

### c. Merit of the Claims

Before a court appoints counsel, a party must also affirmatively show that she asserts meritorious claims. *See Castner*, 979 F.2d at 1421. As discussed *supra*, Ms. Wilson makes no argument regarding the merit of her claims. Nor can the court conclude, from reviewing Ms. Wilson's complaint, that her claims have sufficient merit. As noted *supra*, although Ms. Wilson's complaint discusses presenting her allegations to HUD, she does not reference or provide any

administrative findings in her favor. Consequently, she has failed to meet her burden to show her claims are meritorious enough to warrant the appointment of counsel. *See, e.g.*, *Coleman*, 2012 WL 13047580, at *2 (noting that "parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide 'highly probative' information for consideration").

### d. Ability to Present Claims

The final factor—Ms. Wilson's ability to present her claims without counsel—does not weigh in favor of appointment. In analyzing this factor, a court "look[s] to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts." *Castner*, 979 F.2d at 1422. As discussed *supra*, the factual and legal issues in this case do not appear to be complex, and Ms. Wilson has not shown any reason why she cannot investigate her claims and present them to the court.

In sum, Ms. Wilson has not shown that appointment of counsel is warranted under the FHA at this time.

### 3. Renewal

The court recognizes that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson*, 2014 WL 494789, at *3. The court declines to appoint counsel for Ms. Wilson pursuant to § 1915(e)(1) or the FHA at this time. However, Ms. Wilson may renew her motion at a later procedural juncture.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Melissa Dawn Wilson's Motion to Proceed In Forma Pauperis (ECF No. 3) is granted, and her Motion to Appoint Counsel (ECF No. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that the clerk shall issue a summons for the defendants, and service of the summonses and copies of the complaint shall be effected by the United States Marshal or a Deputy United States Marshal, both of whom are appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated April 19, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge