# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELISSA DAWN WILSON, )
)
        Plaintiff, )
)
v. )   Case No. 19-04026-HLT-ADM
)
HOUSING AUTHORITY OF SILVER )
LAKE, KANSAS et al., )
)
        Defendants. )

## **MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Melissa Dawn Wilson's renewed Motion to Appoint Counsel (ECF No. 9). After reviewing Ms. Wilson's renewed motion, the court denies her request for appointment of counsel, but without prejudice to be renewed at a later procedural juncture.

## I.    BACKGROUND

Ms. Wilson, proceeding pro se, filed a complaint on April 2, 2019, along with a motion for leave to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. On April 19, 2019, the court granted Ms. Wilson leave to proceed IFP but denied her request to appoint counsel without prejudice. (*See* Mem. & Order (ECF No. 5).) Ms. Wilson filed an amended complaint on May 2, 2019. In her amended complaint, she alleges that she was discriminated against in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Ms. Wilson now renews her request for appointment of counsel.

## II. DISCUSSION

The court will apply the same standards it applied when analyzing Ms. Wilson's first motion for appointment of counsel. As the court previously noted, "[t]here is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). The FHA also provides that a court may appoint an attorney for a person alleging a discriminatory housing practice.[1] *See* 42 U.S.C. § 3613(b)(1). Neither § 1915(e)(1) nor the FHA confers a statutory right to counsel. *See Jackson v. Park Place Condos. Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1-*2 (D. Kan. Feb. 6, 2014). The court is also mindful that neither provides a method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

### 1.     28 U.S.C. § 1915(e)(1)

Section 1915(e)(1) grants the court "broad discretion" to request that an attorney represent an indigent party. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In exercising this

---

[1] Ms. Wilson cannot seek appointment of counsel in this case pursuant to the RA or the ADA. Title II of the ADA incorporates the remedies provision of the RA. *See* 42 U.S.C. § 12133 (incorporating 29 U.S.C. § 794a). In turn, for non-employment claims, the RA incorporates the remedies procedure of Title VI of the Civil Rights Act of 1964 ("Title VI"). *See* 29 U.S.C. § 794a(a)(2) (incorporating 42 U.S.C. § 2000d *et seq.*). Title VI does not have an appointment of counsel provision.

2

discretion, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.* The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

### a. Merit of the Claims

The first factor—the merits of Ms. Wilson's claims—continues to weigh against appointing counsel. In Ms. Wilson's renewed motion, she again makes no argument regarding the merit of her claims, so the court can look only to the amended complaint. Ms. Wilson alleges in her amended complaint that defendants discriminated against her in connection with her bringing an emotional support animal, a rottweiler, to live in her apartment. Ms. Wilson also alleges that she made a complaint to the Department of Housing and Urban Development ("HUD"), which was dismissed. Administrative findings in favor of a plaintiff are "highly probative" as to the merits of that plaintiff's claim. *See Coleman v. Gen. Motors*, No. 12-2305-CM, 2012 WL 13047580, at *2 (D. Kan. July 6, 2012). Ms. Wilson has not provided any administrative findings from HUD that were in her favor. Therefore, she has not carried her burden to affirmatively establish the merit of her claims. *See id*. (noting that "parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide 'highly probative' information for consideration").

### b. Nature and Complexity of the Factual and Legal Issues

The second factor is the nature and complexity of the factual and legal issues in the case. Ms. Wilson's claims relate to alleged housing discrimination. Although Ms. Wilson added some additional factual detail to her amended complaint, the factual and legal issues still do not appear to be complex. This factor continues to weigh against appointing counsel.

### c. Ability to Investigate Facts and Present Claims

The third and final factor is Ms. Wilson's ability to investigate the facts and present her claims. Here, Ms. Wilson's amended complaint demonstrates that she has already conducted at least some investigation, and she has previously presented her claims to HUD. There is no indication that she could not continue her investigation and adequately present her claims to the court. Because none of the § 1915(e)(1) factors weigh in Ms. Wilson's favor, the court again finds that appointing counsel to represent Ms. Wilson is not warranted at this time.

### 2. 42 U.S.C. § 3613(b)(1)

The court may also appoint an attorney pursuant to the FHA "[u]pon application by a person alleging a discriminatory housing practice." 42 U.S.C. § 3613(b)(1). To determine whether to appoint an attorney under this statute, courts in this District often look to case law interpreting 42 U.S.C. § 2000e-5, which is a similar provision that applies to plaintiffs in employment discrimination cases. *See Jackson*, 2014 WL 494789, at *1-*2. The court's discretion to appoint counsel under § 2000e-5 is "extremely broad." *Castner*, 979 F.2d at 1420. In exercising this discretion, the court again considers the following factors: (1) the party's "financial inability to pay for counsel"; (2) the party's "diligence in attempting to secure counsel"; (3) the merits of the party's claims; and (4) the party's ability to present the case without counsel. *Id.* at 1421-22.

### a. Financial Ability to Secure Counsel

The first factor—whether Ms. Wilson has the financial ability to secure counsel—continues to weigh in favor of appointment. The primary inquiry here is whether a party has the "ability to hire counsel and still meet his or her daily expenses." *Id.* at 1422. This court granted Ms. Wilson leave to proceed IFP on April 19, 2019. The information provided in her financial affidavit, which was submitted in connection with her IFP motion, indicates she would be unable to meet her daily expenses if she were to hire an attorney.

### b. Efforts to Secure Counsel

The second factor weighs in favor of appointing counsel. Before a court grants a request to appoint an attorney, a party must demonstrate a "reasonably diligent effort under the circumstances to obtain counsel." *Id.* Ideally, a party must typically "meet with and discuss the case with at least five attorneys." *Jackson*, 2014 WL 494789, at *2. In her renewed motion, Ms. Wilson indicates that she contacted at least seven attorneys about her case, four of whom she met in person. The majority of these attorneys told Ms. Wilson that they did not handle housing discrimination cases. Although Ms. Wilson does not explain why she did not focus her search for an attorney on those who handle housing discrimination claims, it appears that she has now made a reasonably diligent effort to obtain counsel.

### c. Merit of the Claims

Before a court appoints counsel, however, a party must also affirmatively show that she asserts meritorious claims. *See Castner*, 979 F.2d at 1421. As discussed *supra*, Ms. Wilson again makes no argument regarding the merit of her claims. Nor can the court conclude, from reviewing Ms. Wilson's amended complaint, that her claims have sufficient merit. As noted *supra*, although Ms. Wilson's amended complaint discusses presenting her allegations to HUD, she does not

reference or provide any administrative findings in her favor. Consequently, she has again failed to meet her burden to show her claims are meritorious enough to warrant the appointment of counsel. *See, e.g.*, *Coleman*, 2012 WL 13047580, at *2 (noting that "parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide 'highly probative' information for consideration").

### d. Ability to Present Claims

The final factor—Ms. Wilson's ability to present her claims without counsel—still does not weigh in favor of appointment. In analyzing this factor, a court "look[s] to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts." *Castner*, 979 F.2d at 1422. As discussed *supra*, the factual and legal issues in this case do not appear to be complex, and Ms. Wilson has not shown any reason why she cannot investigate her claims and present them to the court.

In sum, Ms. Wilson has not shown that appointment of counsel is warranted under the FHA at this time.

### 3. Renewal

The court recognizes that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson*, 2014 WL 494789, at *3. The court again declines to appoint counsel for Ms. Wilson pursuant to § 1915(e)(1) or the FHA at this time. However, Ms. Wilson may renew her motion at a later procedural juncture when the court is in a better position to evaluate her capabilities and the merits of her claims.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Melissa Dawn Wilson's renewed Motion to Appoint Counsel (ECF No. 9) is denied without prejudice.

**IT IS SO ORDERED.**

Dated May 23, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge